IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| | * | |
| v. | * | Criminal No. SAG-96-0274/ |
| | * | Civil Case No. SAG-20-1462 |
| | * | |
| PAUL J. BEBBER | * | |
| Defendant. | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

Currently pending is a 28 U.S.C. § 2255 habeas petition filed by Defendant Paul J. Bebber. Bebber contends that his 1996 conviction under 18 U.S.C. § 922(g)(1) is defective in light of *Rehaif v. United States*, 139 S. Ct. 2191 (2019), because the Court did not advise him at the time of his guilty plea that an element of the offense required his knowledge that he was a person prohibited from possessing firearms. This Court has reviewed Bebber's motion and the Government's opposition. ECF 16, 25. No reply has been filed and no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2021). For the reasons that follow, Bebber's Motion will be denied.

28 U.S.C. § 2255 allows a motion to be filed by "[a] prisoner in custody under sentence of a court established by Act of Congress[.]" Bebber filed his motion on June 4, 2020. ECF 16. Because Bebber received a 90-month sentence, plus three years of supervised release, back in 1996, and the Court docket shows no additional activity between that sentence and the § 2255 motion, there is no possibility that Bebber was "a prisoner in custody under sentence of a court established by Act of Congress" twenty-four years later when he filed this petition. He is therefore ineligible for relief pursuant to § 2255.

Although this Court need not reach the issue, Bebber's *Rehaif* claim would also fail on its merits in light of the Supreme Court's decision in *Greer v. United States*, 139 S. Ct. 2191 (2019).

The record conclusively demonstrates that Bebber had received a three-year and nine-month sentence for grand larceny in 1992, in addition to another felony conviction for grand larceny, auto.  ECF 24 ¶¶ 27-28.  Bebber therefore knew he had been convicted of a crime punishable by more than one year and cannot show a "'reasonable probability' that the outcome of the district court proceeding would have been different" had he been informed of the knowledge requirement before his guilty plea.  *Greer*, 139 S. Ct. at 2100.  Bebber's *Rehaif* Motion, ECF 16, will be denied by separate order.

## CERTIFICATE OF APPEALABILITY

This Court must "issue or deny a certificate of appealability when it issues a final order adverse to the applicant."  *See* Rule 11(a) of the Rules Governing § 2255 Cases.  A certificate of appealability is a jurisdictional prerequisite to an appeal from this Court's order, and should issue only where there has been "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  This Court has considered the record and finds that Bebber has not made the requisite showing by demonstrating that reasonable jurists would find this Court's assessment of the claim debatable or incorrect.  *See, e.g.*, *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 684 (4th Cir. 2001).  Accordingly, a certificate of appealability is denied.

DATE: August 2, 2022                         _____/s/_____
                                             Stephanie A. Gallagher
                                             United States District Judge